**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2013 NOV 15 P 3: 56

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES OF AMERICA,    *

     Plaintiff,    *

v.    *      **Case No. WMN-12-596**

ROSEMARY K. SCHEMPP    *

     Defendant.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND OPINION

The above-referenced case was referred to the undersigned for supplementary proceedings, pursuant to 28 U.S.C. § 363 and Local Rules 301 and 302. (ECF No. 15.) On October 3, 2012, Judge William Nickerson entered a Judgment by Default against defendant in the amount of $60,802.46. (ECF No. 10.) On August 20, 2013, the government filed an Application for Writ of Continuing Garnishment to garnish the wages of defendant from her employer, the City of Baltimore. (ECF No. 11.) On August 22, 2013, the clerk's office issued a Writ of Continuing Garnishment. (ECF No. 12.) The City of Baltimore filed an Answer of the Garnishee on September 18, 2013 (ECF No. 13) and on October 10, 2013, defendant filed a Request for Hearing Before a United States Magistrate Judge (ECF No. 14).

I conducted a hearing on November 14, 2013. The government identified statutory authority to garnish approximately $640 of defendant's wages per month, or $319.41 per pay period. This amount, 25% of defendant's disposable earnings, is permissible under 15 U.S.C. § 1673(a)(1) and MD. CODE, COM. LAW § 15-601.1(b)(1)(ii) (see also In re Norcia, 255 B.R. 394,

397 (D. Md. 2000)). Defendant offered no evidence that she qualified for any statutory exemptions. See generally 38 U.S.C. § 5301(a)(1) (2003) (Veterans' benefits); 42 U.S.C. § 407(a) (1998) (Social Security benefits and Supplemental Security Income); 5 U.S.C. § 8346 (a) (1978) (Federal civil service retirement benefits); MD. CODE, COM. LAW § 15-601.1(b)(3) (2002) (Medical insurance payments deducted from wages); MD. CODE, STATE PERS. & PENS. § 21-502(a)(1) (1994) (State retirement and pension benefits). The government offered to reduce the garnishment from the statutorily permitted amount to the amount of $250 per month, or $125 per pay period. Following the hearing, the parties filed a Consent Garnishment stipulating to a bi-weekly amount of $125 to be garnished from defendant's wages. (ECF No. 18.)

I note that the garnishment amount of $250 per month, or $125 per pay period, is reasonable given that it is well under the statutory permissible amount. Accordingly, I will sign the Consent Garnishment filed by the parties.

Date: _____11- 15-13_____

Beth P. Gesner
United States Magistrate Judge